

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION
## NOT FOR PUBLICATION

April 29, 2008

Sheryl Gandel Mazur
195 Fairfield Avenue, Suite 2C
West Caldwell, NJ 07006
    (*Attorney for Plaintiff*)

Christopher J. Christie, United States Attorney
Andreea L. Lechleitner, Special Assistant United States Attorney
c/o Social Security Administration
26 Federal Plaza, Room 3904
New York, NY 10278
    (*Attorney for Defendant*)

Barbara L. Spivak, Chief Counsel – Region II
Office of the General Counsel
Social Security Administration
    (*Of Counsel for Defendant*)

    **RE:  Gillem v. Michael J. Astrue, Commissioner of Social Security
        Civ. No. 06-6184 (WJM)**

Dear Counsel:

    Plaintiff Jay Gillem ("Plaintiff") brings this motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") § 204(a), 28 U.S.C. § 2412(d) (2000).  Plaintiff seeks fees as the prevailing party in his appeal of the Commissioner's denial of social security benefits.  For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

## Facts and Discussion

Plaintiff filed for Disability Insurance Benefits on October 29, 2001, alleging disability since December 31, 1992, due to Lyme disease, chronic fatigue syndrome, chronic pancreatitis, enzyme disorder, pneumonia, bilateral flexure syndrome, and fibromyalgia. After an initial denial and a series of appeals, Plaintiff's case arrived in this Court. On November 15, 2007, this Court reversed the Commissioner's decision and remanded for further proceedings at the administrative level.

Plaintiff's motion for an award of attorney's fees pursuant to 28 U.S.C. § 2412(d) is now before the Court. Plaintiff requests $17,340.31 in attorney and paralegal fees (93.75 attorney hours at $171.63/hour and 12.5 paralegal hours at $100/hour), plus $9.28 in expenses and $350 in costs, for a total of $17,699.59. Defendant does not oppose Plaintiff's status as the prevailing party or assert that the government's position was justified. Defendant also does not challenge the fee rate. Rather, Defendant argues that EAJA fees should be "significantly reduced" in this case because the fee request includes payment for hours expended which were excessive and unnecessary.

EAJA permits awards of attorney's fees only to the extent they are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Although counsel are entitled to full compensation for their efforts, '[i]t does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended.'" *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1981) (*en banc*)). If attorney hours are unnecessary, redundant, or inefficient, the court should reduce the hours claimed to reflect a reasonable award. *Ashton v. Pierce*, 580 F. Supp. 440, 442 (D.D.C. 1984). The prevailing party's attorneys may assist the court in this regard and indeed should make a good faith effort to exclude fee requests that are excessive. *See Hensley*, 461 U.S. at 434.

As Defendant points out, a number of district courts have recognized that, in general, twenty to forty hours reflects a reasonable expenditure of time in an average disability case. *See, e.g.*, *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases); *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (finding 130.5 hours "excessive," and noting that "[i]n cases of this nature, compensated hours generally range from twenty to forty hours"). Here, Defendant argues that counsel's request for 106.25 attorney and paralegal hours is so far above the norm that it is "patently excessive," and that counsel's individualized time entries confirm the unreasonableness of counsel's time expenditures. Specifically, Defendant points to the fact that 6.75 hours were expended on tasks related to preparing the summons and the complaint, and observes that the complaint is a largely boilerplate 1.5 page document. Defendant also argues that an attorney with counsel's high level of experience, having

handled primarily Social Security cases since 1984, should not have expended such an excessive amount of time reviewing and summarizing the administrative record in the case (28.5 hours), researching and preparing contentions pursuant to Local Civil Rule 9.1 (11.75 hours), and preparing the brief to this Court (38.5 hours).  Defendant further contends that an expenditure of 11.25 hours preparing the reply brief, which merely reiterated many of Plaintiff's earlier arguments, was also excessive.  Ultimately, Defendant argues that given the routine nature of this Social Security matter and the expertise of counsel in this area of law, forty hours of attorney and paralegal work would have been a reasonable expenditure of time in this case.  Therefore, Defendant proposes that Plaintiff be reimbursed for 35 hours of attorney work ($6,007.05) plus 5 hours of paralegal work ($500.00) for a total of $6,507.05.

The Court finds that Plaintiff is the prevailing party and that the Commissioner has not substantially justified its litigating position.  However, the Court finds that Plaintiff has failed to show that his request for attorney's fees is reasonable and justified.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  The Court generally agrees with Defendant's objections to the excessive nature of the fee request.[1]  This was essentially a routine Social Security case.  The Court agrees that the amount of time devoted to the summarizing the administrative record — which was apparently done as preliminary preparation for writing the Rule 9.1 contentions, the brief and the reply brief — was excessive.  Many of the pages in the administrative record consisted merely of routine forms, letters and non-medical evidence, and others were duplicates.  Similarly, given counsel's expertise in this area of law and the fact that counsel had already devoted considerable time to summarizing the record and preparing Rule 9.1 contentions, 38.5 hours was an excessive amount of time to spend drafting the brief (which was also double the page limit permitted under Local Civil Rule 7.2(b), as this Court noted in an express admonishment to counsel in its November 15, 2007 opinion).  For the same reasons, the time spent drafting the reply brief was also excessive.

Without assuming any fabrication on the part of counsel, the hours claimed certainly denote inefficiencies atypical of a case handled by such experienced counsel.  The Court agrees with Defendant that a reasonable expenditure of time in this case, which was essentially a routine Social Security matter, would typically be somewhere in the neighborhood of forty hours.  However, because some complexity resulted from the fact that Plaintiff's last date insured and alleged onset dates were so far in the past, the Court finds that fifty-five hours of attorney time plus seven hours of paralegal time, for a total of sixty-two hours, more accurately reflects a reasonable expenditure of time on a case of

---

[1]     The Court also notes that precisely how much time was devoted to each particular task cannot always be discerned from counsel's time entries, because several tasks are often lumped together in one entry.

this sort.  The Court also finds that costs in the amount of $350.00 for court filing fees and $9.28 for service of process were necessary and reasonable.

### Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.  Pursuant to EAJA, this Court grants Plaintiff a total award of $10,498.93, comprised of (1) fifty-five hours for attorney work ($171.63 x 55 = $9,439.65), (2) seven hours for paralegal work ($100 x 7 = $700), and (3) $359.28 in expenses and costs.  In accordance with this Court's recent opinion in *Chonko v. Commissioner of Social Security*, No. 06-1647, 2008 U.S. Dist. LEXIS 32867, 2008 WL 1809188 (D.N.J. Apr. 22, 2008), these fees and costs are awarded directly to Plaintiff rather than to Plaintiff's counsel.  An appropriate Order accompanies this Letter Opinion.


   s/William J. Martini
**William J. Martini, U.S.D.J.**